IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENITA CLANCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-4106-HLT |
| | ) | |
| PATRICK A. SHANAHAN, | ) | |
| Acting Secretary, Department of Defense | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant has filed a motion for a Rule 35 mental examination of plaintiff in this disability discrimination case (ECF No. 67). In plaintiff's response (ECF No. 70), she agrees to the mental examination subject to three conditions: 1) the examination is limited to one hour; 2) defendant pays for her transportation to Springfield, Missouri, or moves the examination to a town closer to plaintiff's home; and 3) defendant reimburses plaintiff for mileage and expenses for the trip. For the reasons set forth in this order, defendant's motion is granted. Plaintiff's conditions are denied.

<u>Background</u>

The parties previously disagreed about whether defendant is entitled to a Rule 35 mental examination. The scheduling order, entered on November 20, 2018, provides that the parties should file a motion regarding any Rule 35 examination sufficiently before the

1

deadline.[1]  On February 2, 2019, before defendant sought a Rule 35 examination, plaintiff filed a motion for relief, arguing that an examination in this case was not appropriate and that any information relevant to plaintiff's claimed disability is covered through other documents in the record.[2]  Defendant responded, asserting many of the same arguments as it does in the instant motion,[3] and the court denied plaintiff's motion as premature.[4]

On March 14, 2019, defendant filed this motion seeking a Rule 35 mental examination of plaintiff "to determine if [plaintiff] suffers from posttraumatic stress disorder ("PTSD") or any psychological problems."[5]  The examination will involve a clinic interview and necessary psychological testing.[6]  Defendant argues that the examination is appropriate because plaintiff is alleging discrimination under the Rehabilitation Act based upon a psychiatric disability, and part of plaintiff's burden is to prove she is, in fact, disabled.[7]  Defendant further argues that plaintiff's claim for emotional damages necessitates "discovery exploring the basis of those claims, particularly in light of the nature of her alleged psychiatric disability."[8]

---

[1] ECF No. 33 at 6.

[2] ECF No. 54.

[3] ECF No. 56.

[4] ECF No. 57.

[5] ECF No. 67 at 1.

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.* at 3.

Rule 35 Medical Examination Standard

Fed. R. Civ. P. 35 governs physical and mental examinations: "The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Parties have no inherent right to this examination; the court must grant permission.[9] To obtain permission, defendant must show that 1) plaintiff's mental condition is in controversy and 2) that good cause exists to conduct the examination.[10] While defendant must provide more than mere conclusory allegations,[11] the pleadings alone may be sufficient to meet these requirements.[12]

The requirement that plaintiff's condition truly be in controversy is to "guard against the use of requests for mental examinations as a tool for harassment, intimidation, or delay" in what courts may deem "garden variety" cases.[13] Courts have held that garden variety claims of emotional distress are not enough to warrant a mental examination.[14] In contrast,

---

[9] *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998).

[10] Fed. R. Civ. P. 35(a); *Mayfield v. Harvey Cty. Sheriff's Dep't*, No. 6:14-CV-01307-JTM, 2016 WL 6277704, at *2 (D. Kan. Oct. 27, 2016); *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-KHV, 2008 WL 4369315, at *3 (D. Kan. Sept. 23, 2008).

[11] *Thiessen*, 178 F.R.D. at 570.

[12] *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 1650264, at *2–3 (D. Kan. June 12, 2009).

[13] *Thiessen*, 178 F.R.D. at 570.

[14] *See, e.g.*, *Kankam*, 2008 WL 4369315, at *5 (describing "garden variety" to include claims for "mental anguish, mental distress, emotional pain, anxiety, embarrassment,

courts are more likely to grant a Rule 35 examination when the plaintiff alleges that defendant's conduct led to specific diagnoses for the plaintiff,[15] when plaintiff's claims are for particularly severe emotional distress,[16] or when plaintiff's alleged mental and emotional pain and suffering are ongoing.[17]

Defendant must also show good cause for the examination, which is necessarily related to the requirement that the mental condition be in controversy.[18] Courts look to the presence of one or more of the following factors: "(1) plaintiff has asserted a specific cause

---

humiliation, career disruption, and inconvenience foreseeably flowing from defendant's actions").

[15] *See, e.g., Kankam*, 2008 WL 4369315, at *4 (contrasting plaintiff who never affirmatively asserted her PTSD diagnosis as part of her emotional damages); *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 651 (D. Kan. 2003) (granting a Rule 35 motion based on "several specific injuries that [the plaintiff] claims to have suffered as a result of defendants' conduct."); *Thiessen*, 178 F.R.D. at 570 (noting that "[s]ignificantly, he linked [his] symptoms to defendants' alleged misconduct").

[16] *See Schlenker v. City of Arvada*, No. 09-CV-01189-WDM-KLM, 2010 WL 2232356, at *8 (D. Colo. June 2, 2010) (noting that the plaintiff's own description of his suffering "leaves little doubt that he contends that the incident at issue deeply and irretrievably affected him").

[17] *See, e.g. Fergus v. Faith Home Healthcare, Inc.*, No. 18-CV-02330-JWL-TJJ, 2019 WL 1101280, at *2 (D. Kan. Mar. 8, 2019) (citing "ongoing emotional distress" as a factor in support of an examination); *Kankam*, 2008 WL 4369315, at *4 (D. Kan. Sept. 23, 2008) (denying an examination because, among other reasons, the plaintiff did not allege that her damages were ongoing, nor did she make a claim for future damages); *Valdivia v. BNSF Ry. Co.*, No. 07-2467-KHV, 2008 WL 1774779, at *2-3 (D. Kan. Apr. 16, 2008) (distinguishing cases where plaintiffs alleged only past pain and suffering versus cases where plaintiffs continue to assert the existence of an ongoing mental illness); *Thiessen*, 178 F.R.D. at 570 (explaining that the plaintiff "experienced, and still experiences, periods of great sadness or depression as a result of defendants' actions").

[18] *Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S. Ct. 234, 243, 13 L. Ed. 2d 152 (1964).

4

of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of [his or her] claim for emotional distress damages; and (5) plaintiff concedes that [his or her] mental condition is "in controversy" within the meaning of Rule 35(a).[19]

Fed. R. Civ. P. 35 also requires the movant to specify the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." The trial court has discretion to grant or deny the motion.[20] Generally, the court should liberally construe the rule in favor of granting discovery.[21]

Defendant is Entitled to a Rule 35 Examination

As an initial matter, the court agrees with defendant that plaintiff's mental condition is in controversy due to the nature of her claim. To establish a prima facie claim, plaintiff must establish that (1) she is disabled within the meaning of the ADA;[22] (2) she is qualified,

---

[19] *Kankam*, 2008 WL 4369315, at *5.

[20] *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 1650264, at *3 (D. Kan. June 12, 2009).

[21] *Id.* at 3.

[22] The court previously clarified that it construes plaintiff's claims as being brought pursuant to the Rehabilitation Act, rather than the Americans with Disabilities Act. *See* ECF No. 49. But the standards for employment discrimination are the same under both. *See Winston v. Ross*, 725 F. App'x 659, 663 (10th Cir. 2018); *Woodman v. Runyon*, 132 F.3d 1330, 1339 n.8 (10th Cir. 1997) ("Cases decided under section 504 of the Rehabilitation Act are . . . applicable to cases brought under the ADA and vice versa, except to the extent the ADA expressly states otherwise.").

5

with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) she was discriminated against because of her disability."[23] Whether plaintiff is disabled does not appear to be in controversy. Plaintiff concedes that she "has a long-term treatment history established by her specialist"[24] and that her "disability is documented and recorded with the former employer."[25] Whether plaintiff was otherwise qualified for her job, and whether she was discriminated against because of her disability, are factual questions to be determined by discovery related to plaintiff's mental fitness in light of relevant employment qualifications.[26]

Further, plaintiff's allegations and claimed damages support defendant's entitlement to a Rule 35 mental examination. Admittedly, plaintiff's inconsistent use of tenses in her various filings makes it difficult to determine her timeline of certain events. For example, in one motion she alleges that "the constant harassment caused plaintiff to be depressed and anxious, which in turn led to a worsening of her mental condition and was hospitalized in March 2017, not only, she is mentally deteriorated."[27] In a later motion, plaintiff makes similar comments: "Clancy was emotionally distressed after the November

---

[23] *Winston v. Ross*, 725 F. App'x 659, 663 (10th Cir. 2018) (quoting *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004)).

[24] ECF No. 54 at 5.

[25] ECF No. 54 at 5.

[26] *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1263 (10th Cir. 2010) ("Employers may set skill, experience, education and other job related requirements . . . .").

[27] ECF No. 54 at 4.

6

03, 2016 incident and was hospitalized for a few days in March 14, 2017 at Phelps County Medical Center in Rolla, Missouri. Clancy was not only mentally deteriorated. She is also suffering from financial hardship, including her family dependents of this negative job action."[28] The timing of the damages and mental issues – and whether they are ongoing – is unclear in sentences like these.

However, clearly there is enough in the record to support defendant's contention that plaintiff's mental illnesses are in controversy. In her response to defendant's Rule 35 motion, plaintiff includes the following:

- "Mental illness affects my sleep."[29]

- "Psychological problem[s] affect my concentration."[30]

- "Anxiety and major depression substantially limited [my] major life activities."[31]

- "Since I was diagnosed for PTSD, anxiety, and major depression, this medical condition left me of no sexual desire and no interest in sexual activity."[32]

- "The ongoing medical condition and treatment for major depression is ruining my sexual life and there is no pill or treatment for it."[33]

---

[28] ECF No. 63 at 9.

[29] ECF No. 70 at 9.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 11.

[33] ECF No. 70 at 9-11.

Plaintiff also attaches as exhibits letters from treaters, which confirm that plaintiff is, as of February 2019, undergoing ongoing mental health treatment:

- "Ms. Clancy is being treated for symptoms of PTSD . . . with anxiety and a Major Depressive Disorder."[34]

- "[H]er symptoms have aggravated by the way she was treated at work."[35]

- Letters from providers in 2018 and 2019 establish that plaintiff has "the following diagnoses: Major Depressive Disorder, Post-Traumatic Stress Disorder, Generalized Anxiety Disorder."[36]

- Plaintiff "suffers from depression and had been on medication for this since 2013 till now."[37]

- Plaintiff is "diagnosed with Posttraumatic Stress Disorder and Major Depressive Disorder."[38]

The court has balanced the factors of the "good cause" test. On one hand, plaintiff has not alleged intentional or negligent infliction of emotional distress, and plaintiff does not appear to offer any expert testimony.[39] Indeed, plaintiff does not explicitly allege that she is seeking emotional distress damages in her complaint. Rather, the monetary damages

---

[34] ECF No. 70-1 at 1.

[35] *Id.*

[36] *Id.* at 2.

[37] *Id.* at 3.

[38] *Id.* at 4.

[39] In "Plaintiff's Unopposed Motion for Order to Amend Expert Disclosed by Plaintiff for Fed. R. Civ. P. 26(a)(2)," plaintiff claims she is the only person who will testify at trial, which the court construes as a choice not to disclose any expert witnesses. *See* ECF No. 63 at 11.

8

she seeks are "back pay and other damages."[40] But in light of her various filings in this case, the court construes her assertions in the complaint that her "symptoms have been aggravated and have been hospitalized,"[41] as likely alleging emotional distress damages. Regardless, as demonstrated above, plaintiff alleges multiple times throughout the record that she has specific, ongoing mental health disorders because of defendant's conduct. The injuries alleged as a result of defendant's conduct "extend far beyond a mere 'garden variety' claim for emotional distress."[42] Based on defendant's proffer and the current record, the court grants defendant's motion.

Scope of Examination

Plaintiff asks the court to limit the Rule 35 examination to one hour.[43] Defendant represents the examination will likely take up to six hours.[44] The court agrees with defendant that one hour is a "purely arbitrary limit" that would "severely limit Dr. Pietz's ability to perform a comprehensive evaluation which is warranted in this case."[45] Defendant has provided sufficient detail about the scope, time, manner, and conditions of

---

[40] ECF No. 6-1 at 9.

[41] *Id.* at 7.

[42] *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 651 (D. Kan. 2003).

[43] ECF No. 70 at 14.

[44] ECF No. 71 at 4.

[45] *Id.*

the examination.[46] Because of the broad scope of mental illnesses plaintiff alleges – Major Depressive Disorder, Post-Traumatic Stress Disorder, and Generalized Anxiety Disorder – the court will not limit the examination in duration. The court expects the examination to be limited to what is reasonably necessary and to last no longer than one day as defendant represents is expected.[47]

Location and Expenses

The second of plaintiff's proposed conditions is that defendant shall provide a driver to Springfield, Missouri, or move the examination to Rolla or Lebanon, Missouri, which are closer to plaintiff's home.[48] Plaintiff alternatively requests reimbursement for mileage and expenses for the trip.[49] Defendant opposes the request to pay for plaintiff's travel expenses.

Plaintiff resides in St. Robert, Missouri, which is approximately 200 miles from Kansas City but only approximately 85 miles from Springfield, Missouri. Defendant has

---

[46] *Compare Boles v. BNSF Ry. Co.*, No. 08-2554-JWL-GLR, 2009 WL 10709248, at *2 (D. Kan. June 3, 2009) ("[W]hen Rule 35 motions are specific enough to provide general details of the examination, but fail to specify all of the elements as required under Fed. R. Civ. P. 35, the court will leave the specifics to be worked out by the parties."), *with Kankam*, 2008 WL 4369315, where the defendant "provided absolutely no details regarding the scope of the examination, the proposed examiner, or the time, manner, or conditions of the exam."

[47] ECF No. 71 at 4.

[48] ECF No. 70 at 14.

[49] *Id.*

10

located and scheduled an examination with Dr. Christina Pietz, located in Springfield, who is only available on one date before the current Rule 35 examination deadline.[50] Defendant concedes that, as the party moving for the examination, it will bear the expense of the examination itself.[51]

Plaintiff has submitted letters from her treating doctors to demonstrate that it is still burdensome for her to drive to Springfield.[52] While the court recognizes that this will cause some inconvenience, she has not proven that she is unable to do so. The language in the letters makes clear that it is difficult for plaintiff to travel *regularly* to Springfield because of "poor concentration, anxiety, fatigue, and other symptoms."[53] But plaintiff filed this lawsuit and defendant is entitled to conduct a proper defense, including obtaining an independent mental examination. Defendant has already made some accommodation by setting the examination in Springfield, Missouri, when the case is pending in the District

---

[50] ECF No. 67.

[51] ECF No. 71 at 3.

[52] ECF No. 70-1 at 1 ("Ms. Clancy transferred to me after Dr. Mulrenin moved his practice to Springfield, Missouri, and it was no longer feasible for her to make the drive regularly."; *id.* at 4 ("She has reported on multiple occasions that it is difficult for her to drive long distances due to poor concentration, anxiety, fatigue and other symptoms. In fact, she has recently decided to transfer to another therapy provider because of the difficulty of driving a longer distance to see me.").

[53] ECF No. 70-1.

of Kansas.[54] For a one-day examination in a lawsuit that plaintiff filed, the burden is not so great to justify additional accommodation.

Further, the court orders plaintiff to pay her own travel expenses. The general rule is that "the party being examined must pay her own expenses for coming to the examination and must also bear the loss of time and earnings."[55] The court may, under certain circumstances, require the moving party to advance travel expenses for the party to be examined.[56] While courts have allowed exceptions for plaintiffs who had to fly from their home to the site of the examination,[57] the burden here is significantly less.[58]

The court recognizes that plaintiff is proceeding in this lawsuit *in forma pauperis*. However, the court agrees with defendant that plaintiff has not made a sufficient showing to make defendant pay for travel expenses. Plaintiff argues that she will have to obtain a

---

[54] ECF No. 71 at 4. The court notes that plaintiff originally filed her complaint in the Western District of Missouri (*see* ECF No. 1). The case was transferred to the District of Kansas (*see* ECF No. 19) because venue was improper.

[55] 8B Fed. Prac. & Proc. Civ. § 2234 (3d ed.); *Eckmyre v. Lambert*, No. CIV. A. 87-2222-O, 1988 WL 573858, at *1 (D. Kan. Sept. 6, 1988).

[56] *Oxford v. Riddle*, No. 18-1163-JWB-KGG, 2019 WL 315019, at *2 (D. Kan. Jan. 24, 2019) (explaining the general rule that the examined party pays for its own transportation but noting an exception when there is a "clear showing that plaintiff is indigent").

[57] *See, e.g.*, *Eckmyre*, 1988 WL 573858, at *1 (ordering the defendant to advance reasonable travel expenses, including round-trip airfare from Connecticut to Kansas City, Missouri; lodging; and local transportation).

[58] Even in cases where plaintiffs did have to travel by plane, courts have still required plaintiffs to pay for travel to the examination held in the district where the lawsuit was pending. *See, e.g.*, *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 1650264, at *5 (D. Kan. June 12, 2009).

driver but does not indicate that would be cost prohibitive.[59] The record shows that plaintiff owns a car and receives a monthly source of income to mitigate the expenses associated with this trip.[60] Plaintiff may choose to drive herself or obtain alternative transportation, and Springfield is close enough to plaintiff's home that overnight lodging is not necessary.

Defendant's motion for Rule 35 examination is granted. The examination shall go forward on April 4, 2019, at 8:30 a.m, in Springfield, Missouri. Defendant shall bear the cost of the examination itself and plaintiff shall bear her own travel expenses.

IT IS SO ORDERED.

Dated March 28, 2019, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge

---

[59] ECF No. 71 at 4.

[60] ECF No. 1.