IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENITA CLANCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 18-4106-SAC |
| | ) |
| PATRICK A. SHANAHAN, | ) |
| Acting Secretary, Department of Defense, | ) |
| | ) |
| Defendant. | ) |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, who is proceeding pro se, has filed a motion (ECF No. 84) to amend her complaint and add a Title VII claim to this case. Defendant opposes the motion (ECF No. 85), arguing that the proposed Title VII claim already has been dismissed by the court, and any amendment is unduly delayed. For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully recommends that the motion be denied by the presiding U.S. District Judge, Sam A. Crow.

<u>Background</u>

On January 3, 2018, utilizing a court-prescribed form for pro se litigants in employment-discrimination cases, plaintiff filed her complaint in the Western District of Missouri, alleging myriad disability-related claims, specifically, retaliation, harassment, hostile work environment, and constructive discharge, all under the Americans with

1

Disabilities Act ("ADA").[1]  Although plaintiff previously was employed by the Defense Commissary Agency ("DeCA") at Fort Leonard Wood, Missouri, all the discrimination alleged in this case occurred while plaintiff was employed by DeCA at Fort Riley, Kansas. The complaint generally alleges that defendant discriminated against her based on her psychiatric disability.  Plaintiff makes no mention of Title VII claims in her complaint.[2]

On January 16, 2018, plaintiff filed a separate lawsuit,[3] also in the Western District of Missouri, but based on her employment with the DeCA commissary at Fort Leonard Wood.[4]  Although many of the same underlying facts are alleged in both lawsuits, plaintiff notably checked the box for a Title VII claim and listed racial discrimination as the basis for the second lawsuit.[5]  Discovery is proceeding in that lawsuit, and trial is set for November 12, 2019.[6]

In the instant case, plaintiff filed a 64-page "statement of facts" on March 30, 2018,[7] in which she does mention, but only by way of background, the internal race discrimination complaint she made with DeCA while stationed at Fort Leonard Wood.  In this filing,

---

[1] ECF No. 6.

[2] ECF No. 7.  *But see* ECF No. 15 (defendant's motion to dismiss or transfer for lack of venue) and ECF No. 19 (order transferring case to District of Kansas).

[3] *Clancy v. Mattis*, Case No. 18-cv-3016-BP (W.D. Mo. 2018).

[4] ECF No. 1, *Clancy v. Mattis*, Case No. 18-cv-3016-BP (W.D. Mo. 2018).

[5] ECF No. 1, *Clancy v. Mattis*, Case No. 18-cv-3016-BP (W.D. Mo. 2018).

[6] ECF No. 27, *Clancy v. Mattis*, Case No. 18-cv-3016-BP (W.D. Mo. 2018).

[7] ECF No. 7.

Case 5:18-cv-04106-SAC   Document 90   Filed 06/05/19   Page 3 of 10

plaintiff listed both disability discrimination claims under the ADA and constructive discharge claims under Title VII. Upon defendant's venue motion, the case was transferred from the Western District of Missouri to the District of Kansas on August 27, 2018.[8] Defendant referenced plaintiff's allegations of Title VII discrimination,[9] and the judge in the Western District of Missouri explicitly applied Title VII's venue provisions in her transfer order.[10] After the transfer, the undersigned entered a scheduling order, which in pertinent part set a January 2, 2019 deadline for filing any motions to amend.[11]

Defendant filed a motion to dismiss on November 29, 2018, arguing that plaintiff's disability discrimination claims must be brought under the Rehabilitation Act, rather than the ADA, because defendant is a government employer.[12] Defendant's motion did not mention any Title VII claims, nor did plaintiff's response, which requested leave to bring plaintiff's claim under the Rehabilitation Act. Plaintiff's amended response mentioned disability harassment, retaliation, and constructive discharge claims,[13] but again made no mention of Title VII. In reply, defendant asserted that because plaintiff agrees that her

---

[8] ECF No. 19.

[9] ECF No. 15.

[10] ECF No. 19.

[11] ECF No. 33.

[12] ECF No. 35.

[13] ECF No. 42.

claims must be brought under the Rehabilitation Act, the motion can be denied.[14]  Judge Crow accordingly denied the motion to dismiss as moot.[15]

On May 9, 2019, after the period allowed for discovery in this court's scheduling order had expired, the parties submitted their proposed pretrial order to the undersigned's chambers via email.  Plaintiff included hostile work environment, harassment, and retaliation claims under both the Rehabilitation Act and Title VII.  Defendant noted in the order that he disagrees that any claims may be brought under Title VII and that plaintiff's exclusive remedy is the Rehabilitation Act.  Plaintiff then filed the instant motion to add a claim under Title VII on May 14, 2019.  The motion itself does not list any reason to grant leave to amend – rather, plaintiff merely requests the court allow her to add a claim based on Fed. R. Civ. P. 15(b).[16]  Defendant opposes the motion, arguing the court already has ruled – with plaintiff's agreement – that plaintiff's claims are all brought under the Rehabilitation Act.  To the extent plaintiff wants to add claims now, defendant argues that the time for doing so has passed and would be prejudicial unless discovery is also reopened.[17]

In an attempt to clarify plaintiff's position, the undersigned raised this issue at the May 21, 2019 pretrial conference.  Plaintiff acknowledged that she did not check Title VII

---

[14] ECF No. 47.

[15] ECF No. 49.

[16] ECF No. 84.

[17] ECF No. 85.

4

in her court complaint, only in her DeCA complaint, but confirmed that she seeks to amend the complaint after learning in March 2019 that some of her claims evidently may not be brought under the Rehabilitation Act.  Defendant argues that there is no evidence of EEO-protected allegations in this case except for the reference to the racial discrimination complaint she made internally at DeCA (which is the subject of the separate Western District of Missouri lawsuit).  If the court were to grant plaintiff's proposed amendment, defendant requests additional discovery, primarily an additional deposition of plaintiff and another examination of plaintiff by defendant's expert.

Analysis

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[18]  Rule 15 dictates the court "should freely give leave when justice so requires."[19]  When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also is implicated.[20]  Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause."  Thus, the Tenth Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order

---

[18] Plaintiff's motion cites Fed. R. Civ. P. 15(b), which governs amendments during and after trial.  At issue here is Fed. R. Civ. P. 15(a), which governs amendments before trial.

[19] Fed. R. Civ. P. 15(a)(2).

[20] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).

deadline has passed."[21]  As earlier mentioned, in this case the scheduling order set a deadline of January 2, 2019, for the parties to file any motions to amend their pleadings.[22] Because plaintiff didn't file the instant motion until May 14, 2019, the court will begin its analysis by applying Rule 16's good-cause standard.

Rule 16(b)(4)

To establish "good cause" under Rule 16(b)(4), plaintiff must show she could not have met the scheduling order deadline for amending pleadings despite her "diligent efforts."[23]  In making this showing, plaintiff "must provide an adequate explanation for any delay."[24]  The court recognizes that "while a scheduling order is not a frivolous piece of paper, idly entered . . . , rigid adherence to the . . . scheduling order is not advisable."[25] Thus, the good-cause requirement may be satisfied if a plaintiff learns new information through discovery or if the underlying law has changed.[26]  However, "if the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are

---

[21] *Id.* at 1241.  If the court finds good cause lacking, it need not reach the Rule 15(a) issue. *Id.* at 1242.

[22] ECF No. 33.

[23] *Gorsuch*, 771 F.3d at 1240.

[24] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[25] *Nevarez v. Cty. of Finney Cty., Kansas*, No. 04-2309-KHV, 2005 WL 8160610, at *1 (D. Kan. Mar. 22, 2005) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[26] *Gorsuch*, 771 F.3d at 1240 (internal citations omitted).

barred."[27] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[28]

Plaintiff's motion fails to state any reason for adding a Title VII claim. At the pretrial conference, however, she represented that her harassment and constructive discharge claims can only be pleaded under Title VII, not the Rehabilitation Act. Plaintiff confirmed she intends to pursue this claim, notwithstanding the lawsuit pending in the Western District of Missouri, which specifically lists a Title VII claim for race discrimination. Plaintiff also maintains that she will seek to allege in the District of Kansas lawsuit that defendant's retaliation was based on her filing the racial discrimination complaint at DeCA in Fort Leonard Wood, Missouri.

Plaintiff has failed to show good cause for amending her complaint after the scheduling-order deadline. Plaintiff has failed to articulate any clear reasons, either in her motion or at the pretrial conference, why she should be permitted to amend at this time. Plaintiff has not mentioned any late-discovered facts learned through discovery or any change in the law. Plaintiff readily acknowledges that she made a mistake by not checking the box for Title VII in her original complaint,[29] but she has not demonstrated any diligent efforts to excuse the delay. When asked, plaintiff did not recall when she first alerted defendant to the existence of the Title VII claim in this lawsuit. She recalled that she

---

[27] *Id.*

[28] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[29] ECF No. 86.

7

learned in March that some of her claims could not be brought pursuant to the Rehabilitation Act. She has not provided any justification for her lateness; even if she discovered that she needed to file an amendment in March 2019, it does not justify waiting until May 14, 2019 to file a motion. Pro se plaintiffs are given some latitude,[30] but the "Tenth Circuit has also repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[31]

The undersigned finds that plaintiff has not met the good cause standard set forth in Rule 16(a)(4). But it bears mentioning that plaintiff also has not satisfied the Rule 15(a)(2) standard for amendment of pleadings. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[32]

To be clear, the record in this case presents no evidence of bad faith or dilatory motive on plaintiff's part, nor any evidence that plaintiff has failed to cure deficiencies by

---

[30] *Zander v. Knight Transportation, Inc.*, No. 13-04016-KHV-GLR, 2015 WL 13732183, at *6 (D. Kan. Nov. 9, 2015), *report and recommendation adopted*, No. CV 13-4016-KHV/GLR, 2015 WL 9216565 (D. Kan. Dec. 17, 2015), *aff'd*, 688 F. App'x 532 (10th Cir. 2017) (explaining that "pro se plaintiffs are generally afforded leniency").

[31] *Zander*, 2015 WL 13732183, at *4 (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). The court notes that plaintiff also failed to comply with D. Kan. Rule 15.1, which requires her to submit a copy of the proposed amended complaint.

[32] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

8

amendments previously allowed. And the undersigned expresses no view about whether plaintiff's proposed Title VII claim is futile as a matter of law. But the other Rule 15(a) factors clearly weigh against granting leave to amend.

"Under Rule 15(a)(2), 'denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.'"[33] "[U]ntimeliness alone may be a sufficient basis for denial of leave to amend. Prejudice to the opposing party need not also be shown."[34] When determining whether a party has "unduly delayed" in seeking amendment, the "[e]mphasis is on the adjective."[35] "Lateness does not of itself justify the denial of the amendment."[36] Rather, the Tenth Circuit has directed that the court's focus should be on "the reasons for the delay."[37] The court may refuse leave to amend "when the party filing the motion has no adequate explanation for the delay."[38] In light of plaintiff's undue delay discussed above, the undersigned will not allow plaintiff to amend her complaint to add a Title VII claim at this late stage in the game, as it would require discovery to be re-opened for at least a few months, which in turn would make it impossible

---

[33] *Martinez v. Target Corp.*, 384 F. App'x 840, 846 (10th Cir. 2010) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

[34] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (internal quotations and citations omitted).

[35] *Minter*, 451 F.3d at 1205.

[36] *Id.* (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[37] *Id.* at 1206.

[38] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

to file summary-judgment motions by the current July 1, 2019 deadline, and in turn scuttle the February 3, 2020 trial setting.

IT IS THEREFORE RECOMMENDED that plaintiff's motion to file a first amended complaint be denied.

Because this decision denying leave to amend has the identical effect of an order dismissing a potential claim, it can be considered dispositive.  Thus, plaintiff is entitled to a de novo review of this decision by Judge Crow, *provided* timely, written objections are filed in accordance with Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4(b).  In the event plaintiff wishes to set forth her objections in a motion for review, she must file such a motion within fourteen days of this order.  If plaintiff does not timely file objections, no court will allow appellate review.

In view of the foregoing potential review, the undersigned will not circulate a pretrial order memorializing what was discussed during the recent pretrial conference until after the time has passed for plaintiff to file for review and for Judge Crow to rule, i.e. if Judge Crow grants plaintiff leave to assert a Title VII claim, then the undersigned would be inclined to re-open discovery and conduct another pretrial conference once all discovery has been completed.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

Dated June 5, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>James P. O'Hara<br>U.S. Magistrate Judge