IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENITA CLANCY,

           Plaintiff,

vs.                                   Case No. 18-4106-SAC-JPO

PATRICK M. SHANAHAN, Acting
Secretary, Department of Defense,

           Defendant.

## **O R D E R**

This is an employment discrimination action which was originally filed in the Western District of Missouri and later transferred to the District of Kansas. This case is before the court upon the report and recommendation (R&R) of a United States Magistrate Judge. Doc. No. 90. The R&R recommends that the court deny plaintiff's motion to amend the complaint to add a claim under Title VII of the Civil Rights Act of 1964.

Plaintiff initiated this action with an in forma pauperis application on January 3, 2018 in the Western District of Missouri. Doc. No. 1. Prior to that, in December 2016 plaintiff filed an administrative complaint of discrimination at Fort Riley, Kansas. On the administrative complaint she checked "disability" and "reprisal" as the reasons she was discriminated against. Doc. No. 6-2, p. 3. The report of the investigation of plaintiff's administrative complaint indicates that plaintiff's previously

1

protected activity was a May 2015 formal race discrimination complaint against the Fort Leonard Wood Commissary in Missouri and that plaintiff attributed her alleged harassment in Kansas to her disability and her EEO activity in Missouri. Doc. No. 8, pp. 5 and 7.

Plaintiff used a form for her complaint in this case. Doc. No. 6-1. On the form, plaintiff checked at page 3 that her claims were made under the Americans with Disabilities Act (ADA). She did not check Title VII. On page 4 she checked that she was claiming retaliation, harassment/hostile work environment, constructive discharge and disability discrimination. On March 30, 2018, plaintiff filed a "Statement of Facts." Doc. No. 7. On the last page of this document, plaintiff lists "Claim I" as constructive discharge in violation of Title VII and "Claim II" as disability discrimination in violation of the ADA. However, neither the complaint nor the "Statement of Facts" explicitly describes retaliation or reprisal for engaging in activity protected by Title VII. The complaint and the "Statement of Facts" both allege that plaintiff was targeted or discriminated against because of her disability.

When this case was in the Western District of Missouri, defense counsel apparently construed plaintiff's complaint as bringing a Title VII action. Defense counsel filed a motion to dismiss or transfer which claims that all of the facts raised

regarding Title VII discrimination occurred at Fort Riley, Kansas. Doc. No. 15. The motion does not mention the ADA or the Rehabilitation Act. The order granting the motion and transferring this case to the District of Kansas refers to this action as proceeding under Title VII. Doc. No. 19.

Since this case was transferred on August 30, 2018, defense counsel's position has been that the complaint does not allege a Title VII claim. In November 2018, after the case was transferred to Kansas, defense counsel filed a motion to dismiss asserting that the ADA did not provide a remedy against a federal defendant. The motion was considered moot after the parties agreed to consider plaintiff's claims under the Rehabilitation Act.[1] Plaintiff requested that the court "amend her claim under [the] Rehabilitation Act of 1973 . . . to bring her disability harassment, retaliation and constructive discharge discrimination complaint . . ." Doc. No. 42. Plaintiff did not mention a Title VII claim. The court subsequently ordered on January 8, 2019 that "plaintiff's claims in the original complaint [shall be construed] as being brought pursuant to the Rehabilitation Act, not the Americans with Disabilities Act." Doc. No. 49.

According to the R&R, on May 9, 2019 the parties submitted their proposed pretrial order to the Magistrate Judge. Plaintiff

---

[1] The Rehabilitation Act is governed by the same venue provisions as Title VII. 29 U.S.C. § 794a(a)(1).

3

included claims under Title VII as well as the Rehabilitation Act. Defendant disagreed that plaintiff had stated claims under Title VII in the complaint. Plaintiff then filed a motion to amend to add a claim under Title VII on May 14, 2019. Doc. No. 84.

The motion to amend comes more than four months after the January 2, 2019 deadline for amendments to the complaint set out in a scheduling order entered last November. Doc. No. 33. It was also filed after the May 1, 2019 close of discovery. The Magistrate Judge considered both sides' comments as to the motion to amend during a May 21, 2019 pretrial conference. It is clear from plaintiff's comments that the purpose of her motion to amend is to add a claim that she was retaliated against in Kansas because of her protected activity in Missouri.

The complaint (Doc. No. 6-1) does not mention Title VII or discrimination against plaintiff for engaging in activity protected by Title VII. Defendant's current counsel have considered references to retaliation or harassment as concerning retaliation for opposing disability discrimination, although brief inquiries regarding retaliation against activity protected by Title VII were made during plaintiff's deposition.[2] Plaintiff told the Magistrate Judge during the pretrial conference that she forgot to include a Title VII claim in the complaint,[3] that she did not

---

[2] Transcript of pretrial conference, Doc. No. 88, pp. 16-17.
[3] Id. at p. 6.

4

include discrimination based on protected activity in the complaint,[4] and that the motion to amend was an attempt to correct that "mistake."[5] She did not take the position that she delayed bringing the motion to amend because she thought the claim was already part of her complaint. Nor does she take that position in her objections to the R&R.

The Magistrate Judge recommends that the motion to amend be denied because plaintiff has not shown good cause under Fed.R.Civ.P. 16(b)(4) to amend the scheduling order and because plaintiff has unduly delayed her motion to amend the complaint for purposes of Fed.R.Civ.P. 15(a)(2). As the Magistrate Judge explains in the R&R (Doc. No. 90, pp. 5-10), this boils down to a finding that plaintiff has not provided a good justification or explanation for the delay in offering the amendment.

In her objections to the R&R, plaintiff states that the delay in bringing the motion to amend was inadvertent, unintentional and happened because she is working her case alone, has a limited knowledge of the law and has a medical condition which restricts her concentration and focus. The court notes that none of these reasons were expressly stated by plaintiff during the pretrial conference when the motion to amend was discussed. Plaintiff claims more specifically that in March 2019, she realized that she

---

[4] Id. at p. 8.
[5] Id. at pp. 8 and 26.

5

could not bring a hostile work environment, retaliation and constructive discharge claim under the Rehabilitation Act.[6] Plaintiff alleges this motivated her to research whether she could make claims under two different laws in her case. She claims that she discovered through her research that she could do so on May 12, 2019. She also asserts that she was misled by defense counsel's statement, in connection with the motion to dismiss filed in November, that the Rehabilitation Act provided her exclusive remedy. She did not make this claim either before the Magistrate Judge.

Plaintiff denies that adding a Title VII claim will cause undue delay. She asserts that the facts in this matter have already been investigated, although she will not oppose reopening discovery and submitting again to a deposition and another pretrial conference.

There are many examples of courts finding undue delay under Rules 16(b)(4) and 15(a)(2) to deny pro se motions to amend. E.g., Strope v. Collins, 315 Fed.Appx. 57, 61-62 (10th Cir. 2009); Gorsline v. U.S. Dept. of Defense, 1994 WL 722943 *2 (10th Cir. 1994). As the Magistrate Judge noted, the leniency accorded pro se litigants does not warrant an exemption from the operation of the Federal Rules of Civil Procedure. See Nielsen v. Price, 17

---

[6] During the pretrial conference, plaintiff also stated that in March she realized that some of her issues could not be raised under the Rehabilitation Act. Doc. No. 88, pp. 10 and 26.

6

F.3d 1276, 1277 (10th Cir. 1994)(stating general proposition); see also, <u>Gardiner v. McBryde</u>, 2018 WL 6715827 *3-4 (D.Kan. 12/21/2018)(referencing proposition in case involving untimely motion to amend from a <u>pro se</u> plaintiff). Generally, where the party seeking amendment knows the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial. <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1366 (10th Cir. 1993)(quoting <u>Las Vegas Ice & Cold Storage Co. v. Far West Bank</u>, 893 F.2d 1182, 1185 (10th Cir. 1990)).

Plaintiff's reasons for her delay in bringing the motion to amend fail to persuade the court that the delay is justified. She does not claim newly discovered facts or a change in the law. Her comments before the Magistrate Judge suggest that the failure to bring a Title VII claim earlier may have been an inadvertent "mistake" or a matter of forgetting. Doc. No. 88, pp. 6 and 26. She does not explain what specifically caused her mistake or what spurred her to act other than realizing in March that she could not bring the Title VII claims she wanted to bring under the Rehabilitation Act. But, she waited until May 9, 2019 to submit a Title VII claim as part of a proposed pretrial order and then a few days later asked to amend the complaint to include a Title VII claim. Plaintiff claims that she did not learn through her research until May 12, 2012 that she could proceed with claims

7

under two different laws.  But, this assertion conflicts with her proposed pretrial order on May 9 as well with her "Statement of Facts" which lists claims under Title VII and the ADA.  So, this argument is not credible to the court.  And, plaintiff has exhibited a fair ability to understand and navigate the rules and the law governing this litigation.  For these reasons, the court rejects plaintiff's lack of legal training and her generalized reference to her medical condition as a justification for the delay in bringing her motion to amend.

The court also rejects plaintiff's effort to blame defense counsel for the delay in bringing the amendment.  The record does not support a claim that counsel misled plaintiff into thinking she could not bring a Title VII claim.  Defense counsel's position was that plaintiff's complaint raised disability discrimination claims and that these claims must be brought under the Rehabilitation Act, not the ADA.  This position accords with a fair reading of the complaint and should not have misled plaintiff into thinking she need not or could not amend the complaint to add a Title VII claim.

The court agrees with the Magistrate Judge that allowing the motion to amend would require reopening discovery.  This could include additional depositions and an updated Rule 35 examination and expert report, leading to some months delay and additional expense.

In summary, plaintiff has filed a motion to amend the complaint to allege under Title VII a different reason for her claimed discriminatory treatment than was alleged in the original complaint. Plaintiff does not allege newly discovered facts. The motion to amend is more than sixteen months after plaintiff filed her original complaint and more than four months past the scheduling order's deadline for such motions. Granting the motion would delay and add expense to this litigation. Plaintiff's justification for the delay is that she made a mistake or forgot to include the Title VII claim in her complaint. She blames this mistake upon her lack of legal training, her medical condition and statements from defense counsel. These are not persuasive justifications for permitting the late motion to amend. Plaintiff did not argue these points before the Magistrate Judge. Her other filings indicate that she has had the knowledge and health to understand the law and follow court procedures. She specifically referenced making a Title VII claim along with a disability claim in a "Statement of Facts" filed in this case in March 2018.[7] Finally, plaintiff has not convinced the court that she was misled by defense counsel.

---

[7] But, plaintiff does not argue that a Title VII claim was part of the complaint or that she delayed bringing the motion to amend because she thought it was part of the complaint.

For these reasons, the court accepts the report and recommendation of the Magistrate Judge (Doc. No. 90) and denies plaintiff's motion to amend (Doc. No. 84).

**IT IS SO ORDERED.**

Dated this 1st day of July, 2019, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge