IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENITA CLANCY,  )
 )
      Plaintiff,  )
 )
v.  )  Case No. 18-4106-HLT
 )
PATRICK A. SHANAHAN,  )
Acting Secretary, Department of Defense  )
 )
      Defendant.  )

## ORDER

Plaintiff has filed a motion (ECF No. 105) requesting leave to file various documents under seal. Although plaintiff does not attach the documents as exhibits to her motion, based on her description, they appear to fall within the following categories: medical records; discovery responses; personnel/employee records; and other "records and documents containing sensitive employment information."[1] Because plaintiff has not fully complied with D. Kan. Rule 5.4.6 and has not demonstrated her privacy interests outweigh the public's interest in open court proceedings, the motion is denied.

Analysis

Plaintiff states in her motion that the parties' agreed protective order (ECF No. 43) requires that "such confidential material must be file[d] under seal."[2] This is not the correct

---

[1] ECF No. 105.

[2] *Id.*

1

standard. "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records."[3] This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[4] "The overriding concern [is] with preserving the integrity of the law enforcement and judicial processes."[5] To overcome the presumption in favor of open records, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[6] This burden is a "heavy" one.[7]

---

[3] *Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135 (10th Cir. 2011); *accord Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005). *See also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (recognizing, "Courts have long recognized a common-law right of access to judicial records," and citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)); *United States v. Apperson*, 642 F. App'x 892, 898 (10th Cir. 2016) ("Courts have long recognized a common-law right of access to judicial records.").

[4] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *accord Booth v. Davis*, Nos. 10-4010-KHV, 10-4011-KHV, 10-4124-KHV, 10-41-4125-KHV, 2016 WL 1170949, at *1 (D. Kan. March 23, 2016); *Ramirez v. Bravo's Holding Co.*, No. 94-2396, 1996 WL 507238, at *1 (D. Kan. Aug. 22, 1996).

[5] *Apperson*, 642 F. App'x at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)); *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754-55 (10th Cir. 2009) (same).

[6] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *accord Booth*, 2016 WL 1170949, at *1.

[7] *Helm*, 656 F.3d at 1292–93.

As an initial matter, plaintiff has not complied with D. Kan. Rule 5.4.6, which governs the sealing of documents. Plaintiff fails to attach any exhibits to the motion so that the court may evaluate whether there is any valid reason to seal these documents. The court recognizes that plaintiff has contemporaneously filed a motion to file exhibits conventionally (ECF No. 106), which the court construes as plaintiff's attempt to attach exhibits to her motion for leave to file under seal. But without having the documents to review, the court cannot evaluate which, if any, should be sealed. The court will therefore grant plaintiff's motion for leave to file exhibits conventionally so that plaintiff may provide the court with the proposed documents to be sealed. The court cautions plaintiff, in light of the vague and broad description of the scope of the exhibits she intends to file conventionally, to carefully evaluate which of these documents truly meets the standards discussed above. As a reminder, the burden to seal documents is high.

Beyond her failure to attach exhibits, plaintiff has failed to submit a proposed order pursuant to D. Kan. Rule 5.4.6(a)(3). Most significantly, plaintiff has not articulated any facts upon which the court could conclude her interest in keeping documents confidential would overcome the public's right of access to the documents. All plaintiff offers in her motion is a description of which types of documents she seeks to seal, as well as the assertion that these documents must be filed under seal under the terms of the protective order – which, as discussed above, is not the correct standard. Plaintiff's broad request to seal documents is therefore denied.

IT IS THEREFORE ORDERED that plaintiff's motion to file exhibits conventionally (ECF No. 106) is granted, although the court advises plaintiff to carefully evaluate which, if any, documents meets the standards for filing under seal before re-filing any motion for leave to file under seal.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file exhibits under seal (ECF No. 105) is denied. Plaintiff may re-file a motion for leave to file under seal that fully complies with D. Kan. Rule 5.4.6.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion asking the presiding U.S. district judge to review this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

Dated September 18, 2019, in Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge